# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DEIDRA CURRY,** | } |
| | } |
|    **Plaintiff,** | } |
| | } |
| v. | }   Case No.: 2:21-cv-01293-MHH |
| | } |
| **CONVERGENT OUTSOURCING, INC.,** | } |
| | } |
|    **Defendant.** | } |

## MEMORANDUM OPINION

    Plaintiff Deidra Curry asserts that defendant Convergent Outsourcing violated the Fair Debt Collections Practices Act when the company, while attempting to collect a debt from her, disclosed her personal information to a third party. (Doc. 1, pp. 1–2, ¶¶ 1, 6–10). Ms. Curry's FDCPA claim is based on the Eleventh Circuit's decision in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021). At the parties' request, the Court stayed this matter because the Eleventh Circuit vacated its 2021 opinion in *Hunstein* and scheduled the appeal for rehearing *en banc*. (Docs. 14, 15).

    The Eleventh Circuit's *en banc* decision in *Hunstein* is fatal to Ms. Curry's FDCPA claim in this action. Ms. Curry's FDCPA claim rests on an event much like the event that spawned Mr. Hunstein's FDCPA claim. In *Hunstein*, "a creditor sent

information about [Mr. Hunstein's] debt to a mail vendor, which then sent [Mr. Hunstein] a letter on behalf of the creditor reminding him of the terms of the debt." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1240 (11th Cir. 2022). The Eleventh Circuit characterized Mr. Hunstein's alleged FDCPA injury "as an intangible harm resulting from a statutory violation." *Hunstein*, 48 F.4th at 1241. On rehearing, the Eleventh Circuit held that Mr. Hunstein's "intangible harm resulting from a statutory violation" fell short of the reputational harm for which he might have had a remedy at common law. *Hunstein*, 48 F.4th at 1240, 1242. The Eleventh Circuit concluded that because Mr. Hunstein did not allege a concrete harm, he did not have standing to assert an FDCPA claim against Preferred Collection. *Hunstein*, 48 F.4th at 1242.

Article III standing is a prerequisite for subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). In *Hunstein*, the Eleventh Circuit reasoned that "an injury in law is not an injury in fact," so a technical violation of the FDCPA, without more, did not give Mr. Hunstein standing to sue Preferred Collection. *Hunstein*, 48 F.4th at 1242–45, 1248 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021)).

Because Ms. Curry's FDCPA claim similarly rests on a technical statutory violation, and because Ms. Curry has not alleged a harm beyond the technical violation, per *Hunstein*, she lacks standing to assert an FDCPA claim. Because Ms.

2

Curry does not have standing, this Court may not exercise jurisdiction over her FDCPA claim. *Hunstein*, 48 F.4th 1236, 1248 (11th Cir. 2022) ("Because Hunstein has alleged only a legal infraction—a 'bare procedural violation'—and not a concrete harm, we lack jurisdiction to consider his claim.").

In the absence of subject matter jurisdiction, any order that this Court issues other than an order of dismissal is void. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal marks and citation omitted). Therefore, the Court cannot compel the parties to arbitrate this matter as Ms. Curry has requested, (Doc. 17). By separate order, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court will dismiss this action for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this January 19, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE